85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter John RASON, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
Henry Cisneros; Santa Barbara City Housing Authority;
Robert Foreman; Tig Edwards; Robert Pearson; Catalina
Unzueta; Veronica Barraga; Dorothy Reid, Defendants-Appellees.
 No. 95-56272.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter John Rason appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against the United States Department of Housing and Urban Development (HUD) and the City of Santa Barbara Housing Authority (Housing Authority). He contends that the district court erred by dismissing his claims against the Housing Authority and HUD for lack of subject matter jurisdiction.[1] He also contends that the district court erred by dismissing his remaining claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6).[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand.
 
 
 3
 A district court's decision on ripeness is a question of law to be reviewed de novo. See Dodd v. Hood River County, 59 F.3d 852, 857 (9th Cir.1995). When determining if a claim is ripe, we ask whether the federal court is "the most appropriate institution to address the ... claim [ ] at this particular time." Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation v. Board of Oil & Gas Conservation, 792 F.2d 782, 787 (9th Cir.1986) (quotations omitted). We also ask whether the issue is fit for judicial decision and whether the parties will suffer hardship if we decline to consider the issue. See id. (citing Abbott Laboratories v. Garner, 387 U.S. 136, 149 (1967)).
 
 
 4
 In order to challenge HUD's policy, Rason must demonstrate a realistic danger of sustaining a direct injury as a result of the operation or enforcement of the policy. See San Francisco County Democratic National Committee v. EU, 826 F.2d 814, 821 (9th Cir.1987). He need not, however, await the "consummation of the threatened injury [to seek relief]. If the injury is certainly impending, that is enough." See id. (quoting Pennsylvania v. West Virginia, 262 U.S. 553, 593 (1923)). Voluntary cessation of the offending activity will not deprive the court of subject matter jurisdiction. See City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982).
 
 
 5
 Rason, a tenant in government-subsidized housing, seeks an injunction and declaratory relief against enforcement of a HUD policy requiring him to sign a financial release form (Form HUD 9886). The Housing Authority is required by statute and HUD regulations to obtain the signature of each tenant to determine eligibility. See 42 U.S.C. §§ 1437 and 3544. The provisions of Rason's lease with the Housing Authority state that failure to sign the release may result in the denial of eligibility or termination of his tenancy, or both.
 
 
 6
 Rason has been asked to sign the release form (Form HUD 9886), every year since 1991 as part of a process to recertify him as eligible for subsidized housing. Rason has repeatedly declined to sign the form arguing that it would violate his right to privacy. Following his refusal to sign the release form in 1992 and again in 1994, Rason received 30-day notices of termination of his tenancy. In September 1992, following the initiation of a separate lawsuit challenging the constitutionality of Form HUD 9886, the first notice was withdrawn. In April 1995, following Rason's initiation of the present lawsuit against HUD and the Housing Authority challenging the constitutionality of Form HUD 9886 (7/94), the 1994 notice to terminate was withdrawn, and Rason's eligibility for housing was recertified without requiring him to sign the release form.
 
 
 7
 The likelihood that Rason will be asked to sign the form again is substantial. Moreover, Rason argues that he continues to fear termination of his tenancy and eviction if he refuses to sign the release form. The Housing Authority's temporary waiver of the release form and voluntary withdrawal of the notices to terminate Rason's tenancy does not deprive this court of jurisdiction to review this matter. See Aladdin's Castle, 455 U.S. at 289. Each time Rason is required to sign the release form and refuses, he fears eviction from his home. Accordingly, Rason's claims regarding Form HUD 9886 (7/94) are ripe and the district court erred by dismissing them as unripe. See id.
 
 
 8
 Rason also contends that the district court erred by dismissing his remaining claims under Rule 12(b)(6). This contention lacks merit. To state a claim for damages under 42 U.S.C. § 1983, a plaintiff must allege that: 1) the defendants acted under color of state law; and 2) that the defendants deprived him of a right secured by the United States Constitution or federal statutes. See Gibson v. United States, 781 F.2d 1334, 1338 (9th cir. 1986). Rason's complaint fails to state a cognizable claim under § 1983. Accordingly, the district court properly dismissed the claim under Rule 12(b)(6). Moreover, Rason has failed to make out a prima facie case of either intentional or negligent infliction of emotional distress. Accordingly, those claims were also properly dismissed.
 
 
 9
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The release form Rason was required to sign in 1992 was superseded by a new version of the same form in 1994. The district court properly dismissed Rason's claims regarding the obsolete form HUD 9886 as moot because it found that the Housing Authority would never require him to sign that form again. Rason appears to have abandoned the mootness issue on appeal
 
 
 [2]
 Rason's complaint sought damages for civil rights violations, and intentional and negligent infliction of emotional distress